Lon A. Jenkins (4060)
Tami Gadd (12517)
MaryAnn Bride (13146)
Katherine Kang (14457)
OFFICE OF THE CHAPTER 13 TRUSTEE
465 South 400 East, Suite 200
Salt Lake City, Utah 84111
Telephone: (801) 596-2884
Facsimile: (801) 596-2898
Email: utahtrusteemail@ch13ut.org

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH**

| In re: | Case No. 25-20119 |
|---|---|
| PATRICIA ROSALIE PAGE | Chapter 13 |
| Debtor(s). | Hon. Peggy Hunt |
| | (Confirmation Hearing: *03/25/25 at 10:30 AM*) |

**ORDER CONFIRMING DEBTOR'S CHAPTER 13 PLAN**

After notice to all parties in interest, and based on the Trustee's recommendation for confirmation, the Court finds that the Plan meets the requirements of 11 U.S.C. §§ 1322[1] and 1325 and hereby ORDERS AS FOLLOWS:

**CONFIRMATION OF THE PLAN**

1.  The proposed Chapter 13 plan, as modified by this Order, is confirmed pursuant to § 1325 (hereinafter the "Plan"). Upon the entry of this Order, the effective date of confirmation shall relate back to the date of the confirmation hearing.

---

[1] Unless otherwise stated, all statutory references are to 11 U.S.C. § ___.

2. Confirmation is not a binding determination that the Plan complies with the 36 to 60-month term limits of § 1322(d). If at any time the Trustee determines that the Plan is not feasible because its term is greater than 60 months, the Trustee may serve a Notice of Non-Compliance on the Debtor(s) and Debtor(s) counsel. The Debtor(s) will have 30 days from the service of such notice to file either an objection to claims or a motion to modify under § 1329 to bring the Plan into compliance with § 1322(d). If the issue is not resolved within such 30-day period, the Trustee may file a motion to dismiss or to convert.

### RETURN TO NONPRIORITY UNSECURED CREDITORS

3. The Plan shall return to nonpriority unsecured creditors the **greater of** the return provided for below or the pro rata distribution, if any, resulting from the minimum "Plan Base" calculated as follows: Plan Payments multiplied by the Applicable Commitment Period (36 or 60 months as stated in Part 8.1 of the Plan) plus all required contributions of tax refunds and other lump sum Plan contributions.

4. The Debtor(s) shall make the payments described below until no less than $14,653.00 is disbursed *pro rata* on allowed nonpriority unsecured creditors pursuant to § 1325(b)(1)(B), not to exceed 100% of the total allowed amount of such claims.

### APPLICABLE COMMITMENT PERIOD

5. As designated in Part 8.1 of the Plan this is a below-median case with an Applicable Commitment Period of 36 months, commencing with the first-scheduled meeting of creditors under § 341. Pursuant to § 1325(b), the Debtor(s) must make no less than 36 payments to the Plan in the amounts set forth below and may be extended as necessary to make payments on the provided for claims, but may not exceed 60 months.

### REQUIRED PAYMENTS AND CONTRIBUTIONS TO THE PLAN

6. Plan Payments: By the 25th day of each month, the Debtor(s) shall make the required Plan payment to the Trustee of $387.00 (hereinafter the "Plan Payments").

   a. Contribution to the Plan of Tax Refunds Over the Applicable Commitment Period. In addition to the monthly Plan Payments required above, the Debtor shall also pay into the Plan tax refunds in the following manner:

(1) The following tax years are proposed to be contributed 2024, 2025 and 2026. On or before April 30 of each applicable year, the Debtor(s) shall provide the Trustee with a copy of the first two pages of filed state and federal tax returns. Any required tax refund contributions shall be paid to the Trustee no later than June 30 of the year the applicable return is filed. Failure to comply with these deadlines will result in the Trustee filing a Motion to Dismiss.

(2) The Debtor(s) are authorized to retain any Earned Income Tax Credit and/or Additional Child Tax Credit as they are excluded from the disposable income analysis under 1325(b)(1) as being necessary for maintenance and support of the Debtor.

(3) The Debtor(s) shall contribute any refund attributable to over-withholding of income tax that exceeds $1,000. However, the Debtor(s) are not obligated to pay tax overpayments that have been properly offset by a taxing authority. Tax Refunds paid into the Plan may reduce the Plan term to no less than the Applicable Commitment Period, but in no event shall the amount paid into the Plan be less than thirty-six (36) or sixty (60) Plan payments plus all annual Tax Refunds required to be paid into the Plan.

(4) For the first tax year contribution (2024), the Trustee will determine if the section 1325(a)(4) best interest of creditors test has been satisfied and will provide to counsel for the Debtor(s) a calculation of the required pot amount. If a pot to unsecured creditors is required, the Trustee will prepare an Order Establishing the Pot Return to Unsecured Creditors for Disbursement Pursuant to the Order Confirming Chapter 13 Plan. If the increased pot renders the plan not feasible, the Trustee will attempt to resolve feasibility by obtaining a stipulation from the Debtor(s) to increase the monthly plan payment or turnover of a lump sum payment contribution of the current tax refund. If the Trustee does not receive a stipulation within 14 days, only the pot increase will be addressed with a subsequent Motion to Dismiss filed for feasibility. If a lump sum contribution is elected, the Trustee is not required to segregate such lump sum contribution and pay it

immediately to unsecured creditors, but instead shall disburse such lump sum contribution in accordance with the Order of Distribution set forth in Local Rule 2083-2(e).  Resolution of the tax refund pot increase is part of the presumptive fees and no further fees would be awarded if there is a Motion to Dismiss filed for this reason.  The Debtor(s) shall contribute any refund attributable to overwithholding of wages that exceeds $1,000.

(5) If, after the completion of the Claims Review Process, the return to nonpriority unsecured creditors as set forth herein is the equivalent of a 100% return to such creditors, then the Trustee will have the discretion to issue a letter excusing the Debtor(s) from compliance with this section of the confirmation order.

7. If during the term of the Plan the Debtor(s) file or amend tax returns for a prepetition tax year, the Debtor(s) must provide the Trustee with the first two (2) pages of the federal and state tax returns within fourteen (14) days of their filing with the applicable taxing authority. Furthermore, any Tax Refunds must be paid to the Trustee within 7 days of the Debtor(s) receipt of the tax refund.

8. Within 30 days after receipt of the tax returns, the Trustee will calculate whether the best-interest-of-creditors test of § 1325(a)(4) requires a greater return to unsecured creditors and inform the Debtor(s) and Debtor(s) counsel if the Plan must be modified.  The Debtor(s) will then have thirty (30) days to file a motion to modify the Plan to provide for the return required by § 1325(a)(4).  Where possible, the Trustee will work with Debtor(s) counsel to submit a stipulated order modifying the Plan.  If the Debtor(s) fails to file such a motion to modify, the Trustee will move for dismissal.

9. All Plan Payments, Tax Refunds, or other monetary contributions made by the Debtor(s) to the Plan are hereinafter referred to as the "Plan Contributions."

### CLASSIFICATION AND TREATMENT OF CLAIMS

10. <u>Trustee Fee</u>.  The Trustee is allowed the commission authorized by 28 U.S.C. § 586. Any reference in the Plan to the percentage of such commission is an estimate only, and the Trustee's commission on each receipt will be in the amount fixed by the United States Attorney as of the date the trustee posts the receipt of the Plan Payment to the case.

11. <u>Attorney's Fees</u>:  Debtor(s) counsel is awarded fees and costs in the total amount of $4,750.00 as an administrative claim under § 503(b).  Pursuant to the Bankruptcy Rule 2016 Statement filed in this case, counsel received a prepetition retainer of $64.00; therefore, the balance of $4,686.00 will be paid through the Plan.  This allowance of fees includes time for counsel to comply with the requirements of the Claims Review Process, as set forth below, but it does not limit counsel's option to seek additional fees after notice and a hearing on a fee application filed with the Court.

12. <u>Adequate Protection Payments</u>:  Adequate protection payments under § 1326(a)(1)(C), are allowed as provided for in Local Rule 2083-1(d) designated in Part 8.1 and the Notice of Adequate Protection Payments (Local Form 2083-1-C).

13. <u>Secured Claims</u>:   If a secured claim is provided for in the Plan, The Trustee shall disburse on secured claims only if <u>all</u> requirements under Local Rule 2083-2(c)(1) are met. All disbursements are subject to the Trustee having received monthly Plan Contributions.  If the Plan provides for a secured claim, but such creditor files an unsecured claim, and such unsecured claim is deemed allowed under § 502(a) as of the completion of the Claim's Review Process (see below), the Trustee shall at that time administer such claim as a nonpriority unsecured claim pursuant to the terms of the Plan.

14. <u>Mortgage Arrearage Claims</u>.

a.  If a proof of claim is filed asserting a mortgage arrearage, but such claim is not provided for in the confirmed Plan, the Trustee will set up a reserve claim consistent with the proof of claim.  The Plan must be modified under § 1329 to provide for the payment of the arrearage claim no later than 30 days after the filing of the Trustee's Report of Claims, or the Trustee will remove the reserve claim and no disbursements will be made on the filed arrearage claim.  If the Plan is timely modified to authorize payment of the mortgage arrearage claim, the Trustee will disburse on such claim pursuant to the creditor name and address and the amount of the arrearage in the proof of claim.

b.  The Trustee will cease any disbursements on a mortgage arrearage claim when an objection is filed to such proof of claim.  The Trustee will likewise modify disbursements on a mortgage arrearage claim provided for in the Plan if such proof of claim

is amended otherwise modified by Court order.

    c.  The Debtor(s) shall maintain current contractual installment payments directly to mortgage creditors beginning with the first payment due after the petition date.

    d.  Post-petition mortgage payments will be made by the Debtor(s) directly.

15. <u>Secured Claims of Governmental Entities</u>:  Any allowed secured claim filed by a governmental entity shall be paid the secured amount as set forth on the proof of claim, unless there is a determination of the amount of a secured claim under Federal Rule of Bankruptcy Procedure 3012(c). Secured claims of governmental entities will be paid pursuant to Local Rule 2083-2(h).  Nothing in this paragraph shall prohibit the Debtor(s) from filing a timely objection to a deemed-allowed secured claim, or prohibit a governmental entity from amending its secured claim.

16. <u>Executory Contracts and Unexpired Leases</u>:  The Debtor(s) will directly make postpetition lease or contract payments to creditors specifically identified under Part 6 of the Plan as assumed under § 365 pursuant to the conditions in Local Rule 2083-2(n).

17. <u>Domestic Support Obligations</u>:  Allowed, unsecured domestic support obligation claims entitled to priority under § 507(a)(1)(A) and (B) shall be paid in full or an amount as determined by separate motion under Federal Rule of Bankruptcy Procedure 3012(b).

18. <u>Tax Claims</u>:

    a.  If any additional tax liability is determined to be due after confirmation of the Plan, the Debtor(s) may elect to modify the Plan under § 1329 to include payment of such liability.

19. <u>Nondischargeable Student Loan Claims</u>.  Allowed claims for student loan obligations shall be treated as nonpriority unsecured claims.  To the extent such claims are nondischargeable under 11 U.S.C. §§ 1328(a)(2) and 523(a)(8), the Debtor(s) shall remain liable on such claims after completion of the Plan.

20. <u>Conditions for Disbursements on Unsecured Claims</u>.  Disbursements on allowed priority and nonpriority unsecured claims may commence after the Claims Review and Trustee's Report of Claims process found in Local Rule 2083-1(l) is complete and funds are available for the Trustee to make a distribution.

## DISTRIBUTIONS ON ALLOWED CLAIMS

21. The Trustee will disburse all contributions to the Plan, including Plan Payments and Tax Refunds, pursuant to the following levels and priority of distribution found in Local Rule 2083-2(e):

    a.  Administrative Provisions Regarding Adequate Protection And Equal Monthly Plan Payments:

        (1)  If monthly Adequate Protection Payments or Equal Monthly Payments (LR 2083-2(e) Class 1) are specified on a claim, all accrued payments must be current through the date of distribution before the Trustee may disburse to a junior class, but Class 1 claims need not be paid in full prior to a junior class receiving a distribution. After payment of allowed attorney's fees, the Trustee may, but is not required to, disburse to holders of Class 1 claims amounts greater than such designated payments to facilitate the prompt administration of the case.

        (2)  To the extent there are insufficient funds to make the required Adequate Protection or Equal Monthly Payments to all creditors, the Trustee may make a pro-rata distribution to such class. Unpaid portions of Adequate Protection or Equal Monthly Payments from a prior month will first be brought current before disbursements are made to lower classes, and Adequate Protection Payments will be brought current before disbursements are made on Equal Monthly Payments.

        (3)  If no monthly payments are specified on a claim, payments will be paid pro rata within the designated class.

## CLAIMS REVIEW PROCESS

22. <u>Claims Review Process</u>. Within 60 days following the expiration of the bar date for governmental units to file claims under Bankruptcy Rule 3002(c)(1), the Debtor(s) shall file with the Court and serve on the Trustee a declaration that all claims have been reviewed and that any appropriate objections have been filed and noticed for a hearing.

23. <u>Trustee's Report of Claims</u>. Within approximately 120 days following the expiration of the Governmental Bar Date, or at such time as all claim issues are resolved, the Trustee shall file and serve on all parties-in-interest a Trustee's Report of Claims ("TROC") that will include a

list of claims filed in the case, the amount of such claims, and their treatment under the confirmed Plan (e.g., secured, priority, allowed, disallowed, etc.). If no objection is filed to the TROC within 21 days after service thereof, it shall be deemed final and incorporated into this Order. If a written objection to the TROC or an objection to a claim is filed within such 21-day period, the Trustee will file and serve an Amended Trustee's Report of Claims within 30 days after resolution of the objections or motions. Any such written objection to the TROC must be noticed for a hearing to be held within 30 days after its filing. If no written objection to the Amended Trustee's Report of Claims is filed within 21 days after service, it shall be deemed final and will be incorporated into the confirmation order.

24. <u>Untimely Claims</u>. Unless otherwise ordered by the Court, the Trustee will not disburse on any claim that is filed after the applicable deadline of Bankruptcy Rule 3002.

## ADMINISTRATIVE PROVISIONS

25. If the Trustee has filed an objection to an exemption claimed on Schedule C, and such exemption is not specifically ruled on by the Court in connection with confirmation of the Plan, then the Trustee's objection shall remain pending, including for purposes of any motion to modify under § 1329 or in connection with any conversion to another Chapter under the Bankruptcy Code.

26. The Trustee is granted authority to set procedures for making disbursements under the Plan. Such disbursements shall be made in a manner consistent with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Trustee's Report of Claims as incorporated into this Order pursuant the provisions set forth above.

27. If this case is dismissed, any Plan Contributions received by the Trustee prior to the entry of an order of dismissal shall be paid to creditors pursuant to the Plan, while payments received after the entry of such order shall be refunded to the Debtor(s). In making any final disbursement under this paragraph, the Trustee is hereby authorized to decline to disburse funds on any unsettled, contingent, disputed, duplicate, unliquidated, late-filed or otherwise legally insufficient claim, including where a disbursement check on a claim has been returned to the Trustee as undeliverable by the United States Mail.

28. In the event an error is made in disbursements to creditors, the Trustee may, without prior notice to parties-in-interest, rectify such errors by any legal means including offsets and

surcharges against future disbursements in this case owing to the creditor who received the erroneous disbursement.

29. During the term of the Plan, the Debtor(s) shall not sell or transfer any property of the estate whether the collateral is provided for in the Plan without a Court order under § 363 and prior written notice to the Trustee. A creditor shall not accept any insurance or sale proceeds from collateral provided for in the Plan unless an amended proof of claim is filed with the Court and prior written notice thereof is provided to the Trustee. If the Plan provides that the Trustee will make disbursements on a specific claim, and that claim is paid from another source, the Trustee shall nonetheless be entitled to the statutory commission on such amount as would have been received by the Trustee under the Plan. At confirmation, property of the estate vests pursuant to the terms of the Plan and § 1327.

30. Subject to the provisions of Local Rule 2083-1(n), during the term of the Plan Debtor(s) shall not incur any new debt without Court approval under § 364 of the Bankruptcy Code.

31. If after confirmation of the Plan, a creditor amends its timely, allowed proof of claim, the Trustee shall give notice to counsel whether such amended proof of claim, if allowed, causes the Plan to be unfeasible. If the amended claim does not render the Plan unfeasible, and if the Trustee does not receive an objection from Debtor(s) counsel within ten (10) days after service of such notice, the Trustee shall pay such claim in the amended amount. If the amended claim renders the Plan unfeasible, the Trustee may move to dismiss the case or to modify the Plan.

32. The Trustee is hereby authorized to exercise discretion in administering this case including, but not limited to, out-of-court resolutions of postconfirmation defaults arising from the Debtor(s) failure to make timely Plan Contributions.

## END OF DOCUMENT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Order Confirming Chapter 13 Plan was served upon all persons entitled to receive notice in this case via ECF notification or by U.S. Mail to the following parties on May 1, 2025.

ANDREW T. CURTIS
ECF NOTIFICATION

                                                     Lindsay Acuna /s/
                                                   Office of the Chapter 13 Trustee

## DESIGNATION OF PARTIES TO BE SERVED

All parties listed on the mailing matrix or as otherwise ordered by the Court.